### COHEN v. GERTNER.

(Supreme Court, Appellate Term. May 7, 1909.)

ATTORNEY AND CLIENT (§ 166*)—RELATION—SUFFICIENCY OF EVIDENCE.

In an action for services rendered as an attorney, evidence *held* not to show that plaintiff was employed by defendant as attorney, but that he only acted as stakeholder for a sum deposited by defendant for the prospective assignment of a loan.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. §. 166.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Harvey J. Cohen against Herman Gertner. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Delos McCurdy, for appellant.

Harvey J. Cohen, pro se.

PER CURIAM. Plaintiff, an attorney, sued to recover $100 for professional services. He obtained judgment for the full amount after trial before a judge without a jury.

Defendant first met plaintiff through an introduction by plaintiff's uncle. The latter had relations with parties who were desirous of inducing defendant to take an assignment of a lease on payment of $800 therefor. The leasehold was thought to be involved in bankruptcy proceedings. The owner of the fee refused to consent to an assignment of the lease to the defendant, and the transaction fell through. Pending said refusal the $800 was deposited with plaintiff as "stakeholder," pursuant to an agreement between the Co-operating Outfitting Company, the defendant, and plaintiff, conditioned that:

"If the owner of the fee should accept rent and give receipt to the New York Industrial Society or to any one as agents, the $800 should be paid to the Outfitting Company; but, if said owner should refuse to accept the rent, then defendant should have the election to accept the lease and fixtures on or before January 5, 1907. On exercising such election, the $800 to be paid to the Outfitting Company or their assignees. If said election be not exercised, the $800 to be returned to defendant, and neither party have any claim against the other."

Contemporaneously with this agreement a bill of sale and assignment of lease was executed by the Outfitting Company (no corporate seal) to the defendant and deposited with plaintiff. On January 5, 1907, plaintiff dictated and defendant signed an election not to accept the lease, which notice was placed in an envelope addressed by plaintiff to himself and mailed. On the same day the Outfitting Company wrote

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff demanding the $800, and subsequently brought an action in the City Court against plaintiff for the $800 (not joining the defendant), whereupon plaintiff obtained an order of interpleader February 7, 1907, and on February 28, 1907, deposited the $800 with the city chamberlain in that action, where presumably, it still remains.

When matters reached this condition, plaintiff advised defendant to retain Mr. McCurdy. Mr. Shumsky, called by plaintiff, testified that he had an interest in this $800, and that he was the man who said to defendant:

"Mr. Alfred Cohen has got charge of that transaction; and, if you want to see anybody, you have got to see Mr. Harvey Cohen, who is Mr. Alfred Cohen's nephew."

And Mr. Levine, who was president of the Outfitting Company, testified that the $800 agreement was made between him, Levine, and defendant, before plaintiff appeared upon the scene. "The only thing he [defendant] wanted you [plaintiff] to do was to look after his interest." This witness further testified as follows:

"We claim the $800, and I think we are going to lick him."

Without discussing the value of the services claimed by plaintiff, sufficient has been indicated to throw doubt upon plaintiff's employment as defendant's attorney, which is unequivocally denied by the defendant, who received no bill or demand from plaintiff until about January, 1908, according to plaintiff's testimony. The record does not show that defendant accepted services from the plaintiff, other than as stakeholder. No inference favorable to the plaintiff can be drawn from the testimony.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.